ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALPHASIGHTS LTD,
                       Plaintiff,

    - against -

ALPHASENSE, INC.,
                       Defendant.

25 Civ. 0479 (LLS)

OPINION & ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/20/25

    Defendant AlphaSense, Inc. ("AlphaSense") moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiff AlphaSights Ltd.'s ("AlphaSights") claims for unfair competition under New York common law and trademark dilution under N.Y. Gen. Bus. Law § 360-l. For the reasons below, AlphaSense's motion is denied.

### Background

    The following facts are taken from AlphaSights' First Amended Complaint ("FAC") (Dkt. No. 23) and presumed true for the purposes of this motion.

    Plaintiff AlphaSights connects businesses with industry experts. Id. ¶ 9. Its commercial market consists of two groups: 1. Businesses who contract, or might contract, for access to expert knowledge ("Clients"), and 2. Industry experts who share, or may share, knowledge with the Clients ("Experts"). Id. ¶ 10. AlphaSights provides expert services in a variety of industries, including private equity, venture capital, management

consulting, hedge funds, and asset management. Id. ¶¶ 11, 12. It maintains offices in New York and San Francisco, where it derives a significant portion of its global revenue. Id. ¶¶ 12, 13.

AlphaSights owns federal registrations for the ALPHASIGHTS mark, including the following:

> 1. ALPHASIGHTS, U.S. Reg. No. 3991714, filed on November 12, 2008, registered on July 12, 2011, in International Classes 35, 36, and 41.
> 2. ALPHASIGHTS, U.S. Reg. No. 7244871, filed on October 6, 2021, and registered on December 19, 2023, in International Class 9.
> 3. ALPHASIGHTS, U.S. Reg. No. 7490472, filed on October 8, 2021, and registered on September 3, 2024, in International Class 42.

Id. ¶ 16.

Defendant AlphaSense began as an information services company, providing its customers with a database of financial forms, news, and trade journals. Id. ¶ 19. AlphaSense owns a federal registration for the ALPHASENSE mark, registered in 2014. Def. Br. (Dkt. No. 25) at 1; Def. Br., ex. A.

In 2021 and 2024, AlphaSense expanded its business model by acquiring two companies in the expert services market, Stream and Tegus. FAC ¶¶ 20, 22. Tegus was a competitor of AlphaSights. Id. ¶ 22. As a result, AlphaSense now provides services that directly compete with the services AlphaSights offers. Id. ¶ 24.

AlphaSights alleges that Clients and Experts regularly confuse plaintiff and defendant's businesses. Id. ¶ 25. The

confusion allegedly worsened when AlphaSense began marketing its services as "AS Expert Insights," which uses two prominent letters from plaintiff's mark (A and S). Id. ¶ 31. The FAC cites several examples of confusion, including one instance in which a Client wired a substantial payment to AlphaSense to satisfy an AlphaSights invoice. Id. ¶¶ 26, 27. AlphaSights further alleges Clients and Experts are dissatisfied with AlphaSense's services, thereby harming AlphaSights' reputation and goodwill.

In December 2024, AlphaSights sent AlphaSense a letter notifying it of the ALPHASIGHTS mark and detailing examples of Client and Expert confusion. Id. ¶ 38. AlphaSense did not respond. Id. AlphaSights now brings claims for trademark infringement, unfair competition, and false designation of origin under the Federal Lanham Act, a claim for trademark infringement and unfair competition under New York common law, and a claim for trademark dilution pursuant to N.Y. Gen. Bus. Law § 360-l.

### Legal Standard

On a motion to dismiss under Rule 12(b)(6), the court accepts "all factual allegations in the complaint as true, drawing all reasonable inferences in favor of the plaintiff." Kelly-Brown v. Winfrey, 717 F.3d 295, 304 (2d Cir. 2013).

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on

its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## Discussion

"The elements of an unfair competition claim in New York largely mirror those under § 43(a) of the Lanham Act. However, a party asserting a claim for unfair competition under New York law must also allege bad faith on the part of the defendant." Pulse Creations, Inc. v. Vesture Grp., Inc., 154 F. Supp. 3d 48, 57 (S.D.N.Y. 2015) (internal citations omitted). "This is because 'the essence of an unfair competition claim under New York law is that the defendant has misappropriated the labors and expenditures of another. Central to this notion is some element of bad faith.'" BBK Tobacco & Foods, LLP v. Galaxy VI Corp., 408 F. Supp. 3d 508, 522 (S.D.N.Y. 2019) (citing Saratoga Vichy Spring Co. v. Lehman, 625 F.2d 1037, 1044 (2d Cir. 1980)).

Plaintiff plausibly alleges bad faith. Defendant had actual knowledge of plaintiff's mark because of plaintiff's cease-and-desist letter. Defendant also knew, or reasonably should have known, of the numerous examples of Client and Expert confusion cited in the FAC - including defendant's receipt of a

- 4 -

substantial payment intended for plaintiff. These allegations sufficiently demonstrate defendant's actual knowledge of plaintiff's mark. See Star Indus., Inc. v. Bacardi & Co., 412 F.3d 373, 389 (2d Cir. 2005)("Bad faith may be inferred from the junior user's actual or constructive knowledge of the senior user's mark.").

Moreover, AlphaSense's use of the term "AS Expert Insights" suggests an attempt to sow confusion between plaintiff and defendant's marks. The initials "A" and "S" mirror plaintiff's ALPHASIGHTS mark and are used in connection with directly competing services. These facts plausibly demonstrate bad faith, which "generally refers to an attempt by a junior user of a mark to exploit the good will and reputation of a senior user by adopting the mark with the intent to sow confusion between the two companies' products." See id. at 388. Defendant's motion to dismiss plaintiff's unfair competition claim is denied.

"A successful claim under GBL § 360-L requires that the plaintiff show both that it possesses a strong mark and that the defendant's actions are likely to dilute the mark by either blurring or tarnishment." Yemeni-Am. Ass'n, Corp. v. Alsaede, 202 N.Y.S.3d 921, at *12 (N.Y. Sup. Ct. 2024). A mark may be strong either because it is inherently distinctive or because it is distinctive in the marketplace. Alzheimer's Disease & Related Disorders Ass'n, Inc. v. Alzheimer's Found. of Am., Inc., 307 F.

- 5 -

Supp. 3d 260, 287 (S.D.N.Y. 2018). Plaintiff alleges that the ALPHASIGHTS mark is a fabricated term coined by plaintiff, and that the associated business generates substantial revenue and has received recognition from industry publications, including Forbes, The Financial Times, and Hedgeweek, among others. These facts support plaintiff's claim that the ALPHASIGHTS mark is inherently distinctive and has acquired distinction in the marketplace, qualifying it for anti-dilution protection under New York law.

Plaintiff further alleges many confused Clients and Experts have expressed dissatisfaction with defendant's services, which they believed were provided by plaintiff. These include complaints about pay rates and business practices. Such allegations plausibly support a theory of blurring or tarnishment, which is sufficient at this stage of proceedings. See Bliss Trademark Holdings, LLC v. Blissy, LLC, 2025 WL 2030633, at *3 (S.D.N.Y. July 21, 2025) (finding that fact-intensive inquiries into blurring or tarnishment are inappropriate at the motion to dismiss stage).

### Conclusion

AlphaSense's Motion to Dismiss for failure to state a claim is denied.

So ordered.

Dated: New York, New York
August 20, 2025

Louis L. Stanton
U.S.D.J