ORIGINAL

Case 1:25-cv-00479-LLS    Document 34    Filed 03/18/26    Page 1 of 8

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/26/26

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ALPHASIGHTS LTD,

                Plaintiff,

v.

ALPHASENSE, INC.,

                Defendant.

Case No. 1:25-cv-00479-LLS

~~[PROPOSED]~~ SCHEDULING ORDER

The parties respectfully submit this Proposed Scheduling Order pursuant to the Court's February 26, 2026 Order for Conference Pursuant to Rule 16(b). ECF No. 32.

**1.    The date of the conference and the appearances for the parties;**

A Rule 16(b) conference is scheduled for Thursday, March 26, 2026 at 2:30pm in courtroom 21C before the Honorable Judge Louis L. Stanton. James D. Weinberger, Esq., Laura Popp-Rosenberg, Esq. and Courtney B. Shier, Esq., of Fross Zelnick Lehrman & Zissu, P.C. will appear on behalf of Plaintiff AlphaSights Ltd. ("AlphaSights"). Dori Ann Hanswirth and/or Theresa House of the law firm Arnold & Porter will appear on behalf of Defendant AlphaSense, Inc. ("AlphaSense").

**2.    A concise statement of the issues as they then appeared;**

**Plaintiff:** This is a case involving claims for trademark infringement, unfair competition, false designation of origin and dilution. AlphaSights commenced this action by filing a Complaint (ECF No. 1) and a subsequent First Amended Complaint (ECF No. 23) asserting claims of trademark infringement, unfair competition, and false designation of origin under the Lanham Act against AlphaSense, alleging that AlphaSense's ALPHASENSE trademark is confusingly similar to AlphaSights's ALPHASIGHTS trademark. In addition, AlphaSights asserted trademark

infringement, unfair competition, and dilution claims under New York law against AlphaSense based on the same trademarks.

**Issues Presented in Plaintiff AlphaSights' First Amended Complaint:**

a.      Whether AlphaSense has infringed trademark rights in the ALPHASIGHTS trademark owned by AlphaSights relating to the sale of certain services under the ALPHASENSE trademark.

b.      Whether AlphaSense's actions constitute willful trademark infringement in violation of 15 U.S.C. § 1114.

c.      Whether AlphaSense's actions constitute unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

d.      Whether AlphaSense's actions constitute trademark infringement and unfair competition under New York common law.

e.      Whether AlphaSense's actions constitute trademark dilution under N.Y. General Business Law § 360-l.

f.      Whether AlphaSights is entitled to injunctive relief.

g.      Whether AlphaSights is entitled to an accounting.

h.      Whether AlphaSights is entitled to recover damages.

i.      Whether this is an exceptional case under 15 U.S.C. § 1117.

j.      Whether AlphaSights is entitled to recover exemplary and punitive damages.

k.      Whether AlphaSights is entitled to recover its attorney's fees, costs, and expenses in connection with this action.

l.      Whether AlphaSights is entitled to recover interest, including prejudgment interest.

**Defendant:** AlphaSense denies that its use of its longstanding, federally-registered trademark ALPHASENSE infringes or dilutes the ALPHASIGHTS trademark, constitutes unfair competition, or is a false designation of origin. AlphaSense denies that AlphaSights is entitled to any of the forms of relief requested in the First Amended Complaint and that this is an "exceptional case" within the meaning of 15 U.S.C. § 1117.

**Issues Presented in AlphaSense's Answer (ECF 32):**

a.    Whether AlphaSights fails to state a claim as a matter of law.

b.    Whether AlphaSights' claims are barred by the doctrine of laches.

c.    Whether AlphaSights' claims are barred by the doctrine of acquiescence.

d.    Whether AlphaSights' claims are barred by the doctrine of unclean hands.

e.    Whether AlphaSights' claims are barred by the doctrine of estoppel.

f.    Whether AlphaSights' claims are barred by the doctrine of waiver.

g.    Whether AlphaSights' dilution claim is barred by the statute of limitations.

**3.    A schedule including:**

A summary of proposed deadlines for this Proposed Scheduling Order is attached as Exhibit 1.

**a.    the names of persons to be deposed and a schedule of planned depositions;**

The parties shall complete their Rule 30(b)(6) depositions and fact witness depositions on or before November 16, 2026. The parties shall complete expert witness depositions on or before April 7, 2027. Discovery opened only very recently, and the parties have not yet determined the names of the persons to be deposed.

**b.      a schedule for the production of documents;**

The parties shall serve their Initial Disclosures on or before April 10, 2026. AlphaSense served its First Set of Document Requests on March 4, and AlphaSights served its First Set of Document Requests on March 6.  The parties shall make an initial production of documents by July 1, 2026, and shall substantially complete their document productions by September16, 2026.

**c.      dates by which (i) each expert's reports will be supplied to the adversary side, and (ii) each expert's deposition will be completed;**

Opening expert reports and disclosures shall be served on or before January 22, 2027. Rebuttal expert reports and disclosures shall be served on or before February 23 2027. Depositions of expert witnesses shall be completed on or before April 7, 2027.

**d.      time when discovery is to be completed;**

Fact discovery shall be completed on or before November 16, 2026. Expert discovery shall be completed on or before April 7, 2027.

**e.      the date by which plaintiff will supply his pre-trial order materials to defendant;**

AlphaSights shall supply its pre-trial materials to AlphaSense within 21 days after the Court issues its decision on any summary judgment motion.  If neither party files a motion for summary judgment, AlphaSights shall provide its pre-trial materials to AlphaSense by May 28, 2027

**f.      the date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (i) proposed findings of fact and conclusions of law for a non-jury trial, or (ii) proposed voir dire questions and proposed jury instructions, for a jury trial; and**

AlphaSights and AlphaSense shall submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and proposed voir dire questions and proposed jury instructions 63 days after AlphaSights supplies the pre-trial materials described in Paragraph 3.e to AlphaSense.

> g. **a space for the date for a final pre-trial conference pursuant to Fed. R. Civ. P. 16(e), to be filled in by the Court at the conference.**

The final pre-trial conference shall be held on ___T.B.D.___, 2027.          *LLS*

4. **a statement of any limitations to be placed on discovery, including any protective or confidentiality orders;**

The parties shall follow the limitations placed on discovery as set forth in the Federal Rules of Civil Procedure. The parties shall work in good faith to prepare and file a proposed Stipulation and Protective Order with the Court on or before April 10, 2026.

5. **a statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement;**

The parties do not have any discovery issues that they were unable to agree upon at this time.

6. **anticipated fields of expert testimony, if any;**

Discovery very recently opened, and the parties have not yet identified all of the anticipated fields of expert testimony. The parties may call liability experts in different fields including, but not limited to, the field of consumer surveys and the Expert Network Services industry. The parties may also call damages experts.

7. **anticipated length of trial and whether to court or jury;**

The case will be tried to a jury and the parties anticipate that it will last at least one week.

The Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference or when justice so requires.

Dated: March 19, 2026           By:     /s/ James D. Weinberger
                                        James D. Weinberger (*jweinberger@fzlz.com*)
                                        Laura Popp-Rosenberg (*lpopp-rosenberg@fzlz.com*)
                                        Courtney B. Shier
                                        FROSS ZELNIK LEHRMAN & ZISSU, P.C.
                                        151 West 42nd Street, 17th Floor
                                        New York, NY  10036
                                        Phone: (212) 813-5900

                                        *Counsel for Plaintiff AlphaSights Ltd*

Dated: March 19, 2026           By:     /s/ Theresa M. House
                                        Dori Ann Hanswirth
                                        Theresa M. House
                                        ARNOLD & PORTER KAYE SCHOLER LLP
                                        250 West 55th Street
                                        New York, NY 10019-9710
                                        Tel: (212) 836-8000
                                        Dori.Hanswirth@arnoldporter.com
                                        Theresa.House@arnoldporter.com

                                        Michael Kientzle
                                        ARNOLD & PORTER KAYE SCHOLER LLP
                                        601 Massachusetts Avenue, N.W.
                                        Washington, D.C. 20008-3743
                                        Tel: (202) 942-5000
                                        Michael.Kientzle@arnoldporter.com

                                        *Counsel for Defendant AlphaSense, Inc.*

IT IS SO ORDERED.

Dated: March 26, 2026

By:    /s/    *Louis L. Stanton*
       Honorable Louis B. Stanton, U.S.D.J.
       United States District Court
       Southern District of New York

## EXHIBIT 1

## Summary of Proposed Deadlines

| | |
|---|---|
| Deadline for serving Initial Disclosures | April 10, 2026 |
| Deadline for initial production of documents | July 1, 2026 |
| Deadline for substantial completion of document production | September 16, 2026 |
| Deadline to Amend the Pleadings or Join Additional Parties | August 28, 2026 |
| Deadline for Completion of Fact Discovery | November 16, 2026 |
| Deadline for Expert Reports and Disclosure of Expert Testimony for Party With Burden of Proof | January 22, 2027 |
| Deadline for Rebuttal Expert Reports and Disclosure of Rebuttal Expert Testimony | February 23, 2027 |
| Deadline for Completion of Expert Discovery | April 7, 2027 |
| Deadline for Filing Summary Judgment Motions and Motions to Exclude Experts | April 30, 2027 |
| Deadline for compliance with Section 4.A.1 of Individual Practices of Judge Louis L. Stanton | 21 days after a decision on summary judgment motions, or, if no motions for summary judgment are filed, by May 28, 2027 |
| Deadline for compliance with Section 4.A.2 of Individual Practices of Judge Louis L. Stanton | 21 days after the deadline for compliance with Section 4.A.1 of Individual Practices of Judge Louis L. Stanton |
| Deadline for compliance with Section 4.A.3 of Individual Practices of Judge Louis L. Stanton | 21 days after the deadline for compliance with Section 4.A.2 of Individual Practices of Judge Louis L. Stanton |
| Deadline for compliance with Section 4.A.4 and 4.A.5 of Individual Practices of Judge Louis L. Stanton | 21 days after the deadline for compliance with Section 4.A.3 of Individual Practices of Judge Louis L. Stanton |
| Date for Rule 16(e) Final Pre-Trial Conference | To be determined by the Court |
| Trial Ready Date | To be determined by the Court |