Case 1:25-cv-00479-LLS    Document 44    Filed 05/14/26    Page 1 of 22

ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/19/26

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ALPHASIGHTS LTD.,

        Plaintiff,

    v.

ALPHASENSE, INC.,

        Defendant.

---

Case No.: 1:25-cv-00479-LLS

**STIPULATION AND [PROPOSED]** LLS
**PROTECTIVE ORDER**

WHEREAS, AlphaSights Ltd ("AlphaSights" or "Plaintiff") and AlphaSense, Inc. ("AlphaSense" or "Defendant"), hereinafter referred to as "the Parties," having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Protective Order"), it is hereby ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

## 1.    **Definitions.**

a.    Action: The above-captioned litigation, *AlphaSights Ltd v. AlphaSense, Inc.*, Case No. 1:25-cv-00479-LLS (S.D.N.Y.), and any appeals therefrom. "Action" specifically excludes any litigation between the Parties filed outside the United States.

b.    Challenging Party: A Party or Non-Party that challenges the designation of Discovery Material under this Protective Order.

c.    Consultant: A Person who is not an employee of any Party or any law firm representing a Party who has been retained by a Party or its Counsel to serve as a consultant in this Action (i.e., not as a testifying expert under Rule 26(a)(2)(A)).

d. Counsel (without qualifier): Outside Counsel of Record and In-House Counsel.

e. Designated Information: Any Discovery Material that is designated as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only." Designated Information shall not include materials that have been published or publicly disseminated, or that are otherwise publicly available before their disclosure in this Action.

f. Designating Party: A Party or Non-Party that designates Discovery Material as "Confidential" and "Highly Confidential – Attorneys' Eyes Only."

g. Discovery Material: All items or information, including from any Party or Non-Party, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

h. Expert: Person who is not an employee of any Party or any law firm representing a Party with specialized knowledge or experience in a matter pertinent to this Action who has been retained by a Party or its Counsel to serve as an expert witness in this Action and is being identified pursuant to Federal Rule of Civil Procedure 26(a)(2)(A).

i. In-House Counsel: Counsel employed by a Party to this Action with responsibility for managing this Action. In-House Counsel includes support staff employed by a Party to this Action who have responsibility for directly supporting In-House Counsel in connection with managing this Action, each as named in Appendix A, amended by the Parties as needed.

j. Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2

k.      Outside Counsel of Record: Attorneys who are counsel of record for a Party in this Action and attorneys who are counsel of record for a Party in trademark infringement court proceedings between the Parties filed outside the United States (collectively, the "Foreign Actions" and, together with the Action, the "Global Dispute"), and other employees of such attorneys' law firms that that have responsibilities relating to the Global Dispute.

l.      Party: Any party to this Action.

m.      Producing Party: A Party or Non-Party that produces Discovery Material in this Action.

n.      Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

o.      Receiving Party: A Party that receives Discovery Material from a Producing Party.

2.      **Confidential Designation.** Counsel for the Producing Party may designate any of its produced Discovery Material, in whole or in part, as "CONFIDENTIAL" if Counsel determines, in good faith, that it contains confidential, proprietary, or commercially sensitive information, or otherwise qualifies for protection under Federal Rule of Civil Procedure 26(c), including but not limited to technical information regarding non-public software or software development, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), confidential third-party

3

information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Such Discovery Material shall be stamped "CONFIDENTIAL."

3. **Highly Confidential – Attorney's Eyes Only Designation.** Counsel for the Producing Party may designate any of its produced Discovery Material, in whole or in part, as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," if Counsel determines, in good faith, that the disclosure of such Discovery Material to persons who are permitted to review information designated as "CONFIDENTIAL" is likely to cause economic harm or significant competitive disadvantage to the Producing Party. The Parties agree that the following information, including but not limited to the categories listed, if non-public, shall be presumed to merit the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation: trade secrets, pricing information, customer data compilations (including customer names), financial data and analyses, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, scientific or technical research, engineering documents, testing documents, employee information (excluding names, titles, and contact information), third-party confidential information, information relating to design, architecture, functionality, operation or configuration of any platform or related infrastructure, information concerning how services are performed, delivered, managed or operationalized including internal processes, playbooks and service delivery models, and other non-public information of similar competitive and business sensitivity. Such Discovery Material shall be stamped "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4. **Limited Use of Designated Information.** All "Confidential" and "Highly Confidential – Attorneys' Eyes Only" material shall be used by the Receiving Party solely for the

4

Case 1:25-cv-00479-LLS   Document 44   Filed 05/14/26   Page 5 of 22

purposes of the prosecution or defense of this Action, shall not be used by the Receiving Party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the Receiving Party to anyone other than those set forth in Paragraphs 5 and 6 unless and until the restrictions herein are removed either by written agreement of Counsel for the Parties, or by Order of the Court. It is, however, understood that Counsel for a Receiving Party may give advice and opinions to his or her client solely relating to this Action based on his or her evaluation of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material, provided that such advice and opinions shall not reveal the content, format or any other attributes of such "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material.

5.     **Disclosure of "Confidential" Information.** Discovery Material designated as "CONFIDENTIAL" shall be disclosed only in accordance with this Protective Order and only to the following persons:

a.     Outside Counsel of Record. The Receiving Party's Outside Counsel of Record;

b.     In-House Counsel. The Receiving Party's In-House Counsel, as well as support staff employed by the Receiving Party to this Action who have responsibility for supporting In-House Counsel in connection with managing this Action;

c.     Experts and Consultants. Experts and Consultants assisting in the prosecution or defense of this Action, as well as their support staff to the extent necessary to assist such Experts and Consultants in the conduct of this Action;

d.     Court Reporters. Stenographic and videotape court reporters engaged in proceedings incident to preparation for deposition of trial in this Action and to whom disclosure is necessary;

5

e.  Court Personnel. The Court and its personnel (including any person having access to any Designated Information by virtue of his or her position with the Court);

f.  Jury or Trial Consultants. Jury or trial consultants retained by Counsel for the Parties for the purpose of trial preparation in the Action, their employees, and any mock jurors engaged by such jury or trial consultants in connection with trial preparation in the Litigation.

g.  Professional Vendors. Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, litigation support personnel, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their support staff whose duties and responsibilities require access to such materials.

6.  **Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information.** Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be disclosed only in accordance with this Protective Order and only to the persons identified in Paragraphs 5(a), and 5(c)–(g).

7.  **Agreement to be Bound.** All persons identified in Paragraphs 5(a)-(c) and 5(f)–(g) who may receive "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" material subject to the terms of Paragraphs 5 and 6 must execute the undertaking attached hereto as Exhibit 1 prior to receiving any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material.

8.  **Disclosure to Drafters or Recipients.** Nothing in this Protective Order shall limit a Party's ability to disclose "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to any person who was an author, or addressee, of the material provided.

6

9.     **Use During Examination or Cross-Examination.** Nothing in this Protective Order shall limit a Party's ability to use "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material to examine or cross-examine deposition or trial witnesses (a) who are current officers, directors, employees, agents, attorneys, or consulting or testifying experts of the Producing Party from which the material originated or was received; and/or (b) whom the Producing Party has designated under Federal Rule of Civil Procedure 30(b)(6).

10.     **Inadvertent Failure to Designate.**

a.     The inadvertent or unintentional production of "Confidential" and "Highly Confidential – Attorneys' Eyes Only" material without proper designation, shall not be deemed a waiver in whole or in part of a Producing Party's claim of confidentiality, either as to the specific information, document, or thing disclosed or as to any other material or information concerning the same or related subject matter.

b.     Such inadvertent or unintentional disclosure may be rectified by notifying in writing Counsel for all parties to whom the Discovery Material was produced that the Discovery Material should have been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material. The Receiving Party to whom such Discovery Material was produced shall treat such Discovery Material as designated by Counsel's written notice and shall also make good faith efforts to retrieve any previously disclosed "Confidential" and "Highly Confidential – Attorneys' Eyes Only" material from unauthorized recipients. If the Receiving Party is unable to arrange for the return or destruction of such documents and things from unauthorized individuals, the Receiving Party shall notify the Producing Party within fourteen (14) calendar days of notice from the Producing Party of the identity of such unauthorized persons and the efforts made to secure the return or destruction of the

7

information. The Receiving Party's disclosures, prior to the receipt of notice from the Producing Party of a new designations, of "Confidential" and "Highly Confidential – Attorneys' Eyes Only" material to unauthorized persons shall not be deemed a violation of this Protective Order.

c.      The Producing Party shall promptly provide substitute copies of the Discovery Material bearing the appropriate confidentiality legend. Within ten (10) calendar days of receipt of the substitute copies of the produced material, the Receiving Party shall return or destroy originally produced material and not retain any copies thereof.

d.      If the Receiving Party disagrees with the re-designation of the Discovery Material, it may challenge the confidentiality designation pursuant to and in the manner prescribed in Paragraph 16. The Receiving Party must nevertheless comply with the terms of this Paragraph through the pendency of any challenge.

11.     **Maintenance of Designated Information.** "Confidential" and "Highly Confidential – Attorneys' Eyes Only" material shall be securely maintained at all times to ensure that access to such material is restricted only to persons entitled to have such access pursuant to this Protective Order, using the same degree of care, but no less than a reasonable degree of care, as the Party uses to protect its own "Confidential" and "Highly Confidential – Attorneys' Eyes Only" material. No recipient of "Confidential" and "Highly Confidential – Attorneys' Eyes Only" material may use such material in or with any artificial intelligence product or software (including but not limited to any large language model) other than those which are "closed" to anyone other than the recipient or their organization.

12.     **Depositions.** With respect to any depositions that involve a disclosure of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material of a Party to this Action,

8

such Party shall have until thirty (30) days after receipt of the final deposition transcript within which to inform all other parties that portions of the transcript are to be designated "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" material, which period may be extended by agreement of the Parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraphs 5(a) and 5(c)–(g) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraphs 5(a) and 5(c)–5(g) during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material, all Parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Protective Order.

13.   **Designated Information Subpoenaed or Ordered Produced in Other Litigation.** This Protective Order in no way excuses noncompliance with a lawful subpoena or court order.  The purpose of the duties described in this Paragraph is to alert the interested parties to the existence of this Protective Order and to give the Producing Party an opportunity to protect its confidentiality interests in the court where the subpoena or order issued. If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items received by that Party in this Action and that is Designated Information, the Receiving Party must do the following:

a.   Promptly notify the Producing Party in writing. Such notification shall include a copy of the subpoena or court order.

b.   Promptly notify in writing the Party or Non-Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the

9

subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order.

c. Cooperate with all reasonable procedures sought by the Producing Party whose material may be affected.

d. If the Producing Party seeks a protective order within twenty-one (21) calendar days of the notice of subpoena or court order, the Receiving Party served with the subpoena or court order shall not produce any Designated Information in this Action before a determination by the court where the subpoena or order issued, unless the Receiving Party has obtained the Producing Party's permission. The Designating Party shall bear the burden and expense of seeking protection of its Designated Information in that court.

14. **Personally Identifying Information.** Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, email addresses, physical addresses, and information that may be used for identity theft) exchanged in discovery shall be maintained by the Receiving Party in a manner that is secure, confidential, and in accordance with applicable data protection laws, and be used solely and exclusively for the limited purposes permitted to conduct this litigation.

15. **Confidentiality Challenges.** If Counsel for a Party receiving documents or information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material objects to such designation of any or all of such items, the following procedure shall apply.

a. Counsel for the Challenging Party shall serve on the Producing Party a written objection to such designation which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the

10

Producing Party shall respond in writing to such objection within fourteen (14) calendar days and shall state with particularity the grounds for asserting that the document or information is "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material or shall adjust the designation. The Parties shall thereafter meet and confer in good faith in an effort to resolve the dispute.

b.     If a dispute cannot be resolved by agreement, the Party challenging the designation shall present the dispute to the Court initially by letter, in accordance with Local Civil Rule 37.2, before filing a formal motion for an order regarding the challenged designation. The Discovery Material that is the subject of the filing shall be treated as originally designated pending resolution of the dispute. The proponent of the designation shall bear the burden of establishing that Discovery Material is appropriately designated.

**16.    <u>Inadvertent Production of Privileged Material.</u>**

a.     The inadvertent or mistaken disclosure of any information, document or thing protected by attorney-client privilege, work-product immunity, or any other applicable privilege, doctrine or immunity ("Inadvertently Produced Privileged Material") will not be deemed a waiver of or estoppel as to any claim of privilege, protection, or immunity. The Producing Party may notify the other Parties of the Inadvertently Produced Privileged Material by identifying the material and stating the basis for withholding such Inadvertently Produced Privileged Material.

b.     Upon receiving notification of Inadvertently Produced Privilege Material, the Parties possessing said material shall within five (5) calendar days return or destroy the Inadvertently Produced Privileged Material and all copies thereof, and shall expunge from any other document or material information derived solely from the Inadvertently Produced

11

Privileged Material, and provide a certification of Counsel that all such information has been returned or destroyed.

c.    Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the Producing Party shall produce a privilege log with respect to the Inadvertently Produced Privilege Material.

d.    If a Party moves the Court for an order compelling production of the Inadvertently Produced Privileged Material, the Producing Party retains the burden of establishing the privileged or protected nature of any Inadvertently Produced Privileged Material. Nothing in this Protective Order shall limit the right of any Party to request an in camera review of the Inadvertently Produced Privileged Material.

17.    **Unauthorized Use and Disclosure.**

a.    If "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material is disclosed to any person other than in the manner authorized by this Stipulated Protective Order ("Unauthorized Person"), the Party responsible for the unauthorized disclosure, and any Party with knowledge of the unauthorized disclosure shall, immediately upon learning of such disclosure, inform the Producing Party of all pertinent facts relating to such disclosure including, without limitation, an identification of the material disclosed and the Unauthorized Persons to whom the disclosure was made.

b.    The Party responsible for the disclosure also promptly shall take all reasonable measures to recover the material disclosed without authorization and to ensure that no further or greater unauthorized disclosure or use of such information or materials is made by doing the following, without limitation: (i) promptly informing the Unauthorized Person that the material contains "Confidential" and/or "Highly Confidential

12

– Attorneys' Eyes Only" material and of the provisions of this Protective Order; (ii) requesting that the Unauthorized Person sign the Agreement to be Bound (Exhibit 1) to be promptly provided to the Producing Party; (iii) retrieving all copies of "Confidential" and "Highly Confidential – Attorneys' Eyes Only" material disclosed to the Unauthorized Person; and (iv) where appropriate, fully assisting the Producing Party in complying with its legal obligations, including under any data protection laws. The Producing Party and Party that disclosed the confidential material shall cooperate in good faith in this effort.

c.    Any person found to have made an impermissible use of any Designated Information will be subject to, without limitation, appropriate civil penalties, including contempt of court.

18.    **Filing Under Seal.** Notwithstanding the designation of information in discovery, there is no presumption that such information shall be filed with the Court under seal.  The Parties shall follow the Court's Individual Practices with respect to filing under seal.

19.    **Relevance and Admissibility.** Nothing in this Protective Order constitutes an admission by any Party that Designated Information disclosed in this case is relevant or admissible. Each Party reserves the right to object to the use or admissibility of the Designated Information.

20.    **Termination of Access.**

a.    In the event that any person or Party ceases to be engaged in the conduct of the Action, such person's or Party's access to any and all "Confidential" and "Highly Confidential – Attorneys' Eyes Only" material shall immediately terminate. In addition, all copies of such material shall be returned or destroyed as soon as practicable, and no

13

Case 1:25-cv-00479-LLS    Document 44    Filed 05/14/26    Page 14 of 22

later than thirty (30) calendar days, after such person or Party ceases to be engaged in the conduct of the Action.

b.      The provisions of this Protective Order shall remain in full force and effect as to any person or Party who previously had access to any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material, except as may be specifically ordered by the Court or consented to by the Producing Party.

## 21.    Final Disposition.

a.      Within sixty (60) calendar days after the conclusion of the Action, after all appeals periods have expired or execution of a settlement agreement finally disposing of the action ("Termination of the Action"), each Party or other individual to whom any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material was provided shall either, at the Producing Party's option, (A) assemble and return to Counsel for the Producing Party; or (B) destroy such material in a manner that it will not be disclosed or recovered by any person, all originals and unmarked copies of Discovery Material containing "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material and shall certify their compliance with this Paragraph. For the avoidance of doubt, Termination of the Action is not the same as Termination of Access referenced in Paragraph 21.

b.      Notwithstanding Paragraph 21(a), Outside Counsel of Record may retain for archival purposes only, subject to the provisions of this Protective Order, copies of all (i) pleadings and court papers; (ii) deposition transcripts, trial transcripts, declarations/affidavits, and exhibits to the foregoing; and (iii) attorney work product

14

including such materials containing, quoting, discussing, or analyzing "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material.

      c.      The "Confidential" and "Highly Confidential – Attorneys' Eyes Only" material kept by Outside Counsel of Record pursuant to this Paragraph shall be maintained in accordance with this Protective Order.

**22.**      **Injunctive Relief.** In the event anyone shall violate or threaten to violate the terms of this Protective Order, the Parties agree that the aggrieved Party may immediately apply to obtain injunctive relief against any such person.

**23.**      **Modifications to Protective Order.** Any Party may, on motion or other request to the Court and for good cause shown, seek a modification of this Protective Order, and, by its agreement to this Protective Order, no Party shall be deemed to have waived the right to modifications later sought by such Party. No modification in this Protective Order that adversely affects the protection of any Discovery Material produced or given by a third party in this case shall be made without giving that third party appropriate notice and opportunity to be heard by the Court. Nothing in this Protective Order shall limit the Parties' ability to stipulate to the receipt of "Confidential" and "Highly Confidential – Attorneys' Eyes Only" material by a particular individual, to the manner in which an individual may receive such information, whether or not such individuals are listed under Paragraph 5, or to modifications to deadlines required by this Protective Order.

**24.**      **Hearings and Trial.**

      a.      The Parties shall confer and attempt in good faith to agree before any trial or other hearing on the procedures under which "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material may be introduced into evidence or otherwise used at such

15

trial or hearing. Upon reaching agreement, the Parties shall give notice of the terms of such agreement to each Non-Party producing any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material which may be used or introduced at such trial or hearing. Absent agreement, the Court shall be asked to issue an order governing the use of such "Confidential" and "Highly Confidential – Attorneys' Eyes Only" material at trial or hearing upon reasonable notice to all Parties and Non-Parties who have produced such information. Nothing in this Protective Order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing before this Court, and any request for confidentiality, closure, or sealing of any hearing or trial must be made to the judge then presiding.

b.　　The Parties shall provide Non-Parties with notice of potential use at trial of any "Confidential" and "Highly Confidential – Attorneys' Eyes Only" material produced by that Non-Party as soon as practicable if and when they are listed as potential exhibits in the required filings prior to commencement of trial. The Parties shall give notice as soon as practicable after "Confidential" and "Highly Confidential – Attorneys' Eyes Only" material which is not listed on the exhibit list is determined to be used by Counsel for a Party at trial.

## 25.　**Additional Terms.**

a.　　This Protective Order shall not deprive any Party of its right to object to discovery by any other Party or person on any otherwise permitted ground.

b.　　This Protective Order shall survive the Termination of this Action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the Parties filed with the Court.

Case 1:25-cv-00479-LLS   Document 44   Filed 05/14/26   Page 17 of 22

c.      Entering into this Protective Order, agreeing to produce or producing or receiving "Confidential" and "Highly Confidential – Attorneys' Eyes Only" material under this Protective Order, or otherwise complying with the terms of this Protective Order shall not:

i.      operate as an admission or concession by any Party that any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material reflects, or does not reflect, confidential or proprietary information, any trade secrets, or otherwise sensitive information or other type of confidential information;

ii.      prevent the Parties from agreeing to alter or waive the provisions or protections provided for herein;

iii.      prejudice in any way the rights of a Party to object to any discovery request seeking production of material it considers not subject to discovery on any ground permitted by the Federal Rules of Civil Procedure or Rules of this Court, including any applicable privilege;

iv.      prejudice in any way the rights of a Party to seek a determination by the Court that particular materials be produced;

v.      prejudice in any way the rights of a Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

vi.      prejudice in any way the rights of a Party to apply to the Court for further protective orders, including a higher level of protection than provided for by this Protective Order; nor

17

vii.         prejudice in any way the rights of a Party to seek modification of this Protective Order upon due notice to all Parties and affected third parties.

26.   **Jurisdiction of the Court.** The Parties, all persons subject to discovery in these proceedings and all persons who receive "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material pursuant to this Protective Order, consent to and shall be subject to the jurisdiction of this Court in any proceeding relating to performance under, compliance with, or violation of this Protective Order. The Court hereby retains jurisdiction to interpret and enforce this Protective Order or to impose sanctions for any contempt thereof during the pendency of this action and following dismissal, if any, and further retains jurisdiction to modify, amend or make additions to this Protective Order as it may from time to time deem appropriate.

**SO STIPULATED AND AGREED.**

Dated:  May 14, 2026

/s/ Dori Ann Hanswirth
Dori Ann Hanswirth
Theresa M. House
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Tel: (212) 836-8000
Dori.Hanswirth@arnoldporter.com
Theresa.House@arnoldporter.com

Michael Kientzle
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20008-3743
Tel: (202) 942-5000
Michael.Kientzle@arnoldporter.com

*Attorneys for Defendant AlphaSense, Inc.*

Dated:  May 14, 2026

/s/ James D. Weinberger
James D. Weinberger
Laura Popp-Rosenberg
Courtney B. Shier
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
151 West 42nd Street, 17th Floor
New York, New York 10036
Telephone: (212) 813-5900
jweinberger@fzlz.com
lpopp-rosenberg@fzlz.com
cshier@fzlz.com

*Attorneys for Plaintiff AlphaSights Ltd..*

**SO ORDERED.**

Dated:  May 19, 2026
New York, New York

Louis L. Stanton
HON. LOUIS L. STANTON
United States District Judge

19