ORIGINAL

FZ FROSS ZELNICK

151 West 42nd Street, 17th Floor
New York, NY 10036

**James D. Weinberger**
Partner

T 212.813.5952
jweinberger@fzlz.com

August 4, 2026

MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/5/26

**VIA ECF**

The Honorable Louis L. Stanton, U.S.D.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *AlphaSights Ltd. v. AlphaSense, Inc.*, No. 1:25-cv-479-LLS (S.D.N.Y.)

Dear Judge Stanton:

We write on behalf of Plaintiff AlphaSights Ltd. ("Plaintiff") in response to the letter filed by Defendant AlphaSense Inc. ("Defendant") on August 3, 2026 (ECF No. 46, the "August 3 Letter") requesting a pre-motion conference regarding two purported discovery disputes. Because, as shown in the correspondence attached as exhibits to the August 3 Letter, there are no such disputes, and because the September 16, 2026 deadline for the parties to substantially complete their document productions is more than six weeks away, *see* Scheduling Order (Dkt. No. 35) at 3.b, we respectfully submit that there is no reason to hold a conference at this time.

I agree. Louis L. Stanton 8/5/26

Defendant's letter raises two issues for the Court's consideration: (1) the production of Plaintiff's documents with certain metadata and (2) the clarification of objections and responses to certain of Defendant's requests for production. We address these issues, and Defendant's failure to explain each fully, below.

1. **Metadata Issues**

On June 30, pursuant to the Scheduling Order, Plaintiff made an initial production of documents. On July 7, the parties conducted a meet and confer on their June 26, 2026 stipulation concerning electronically stored information (the "ESI Stipulation"). During that call, Defendant's counsel advised that it believed that the metadata accompanying Plaintiff's production did not reveal custodian information other than "AlphaSights" (as opposed to identifying individuals or departments within Plaintiff). Following this call, we investigated Defendant's concern with our client and its eDiscovery vendor and determined that due to the fact that Plaintiff's documents are predominantly maintained in Google Drive, underlying metadata was not maintained at the time of collection – which took place long before the ESI Protocol was agreed to – impacting not only

Plaintiff's initial production, but all of its non-email files collected to date, which documents were in the process of being processed for review and production when the metadata issue was discovered. (The collected files included metadata, but metadata tied to collection, not how the documents were maintained in the ordinary course.)

Once this investigation was complete, Plaintiff, in a letter dated July 23, 2026 (a copy of which is attached as Exhibit 6 to the August 3 Letter), explained the issue to Defendant and advised Defendant of Plaintiff's intention (and need) to re-collect the documents in a manner that captured the correct metadata and then re-produce the initial production and additional documents with correct metadata. (As we advised Defendant, no metadata was lost from the original files; rather, it was inadvertently replaced when the files were collected.) The re-collection process is now largely complete and the documents are being transmitted to Plaintiff's eDiscovery vendor for processing and review in advance of production, which we hope to complete soon, and, in any event, well in advance of the September 16 deadline. Given this, Defendant's letter to the Court is premature and there is no reason to hold a conference on an anticipated motion to compel Plaintiff to produce its documents with metadata.

**2. <u>Plaintiff's Objections to Certain of Defendant's Requests for Production</u>**

Defendant also asserts that Plaintiff has refused to state whether it is withholding responsive documents based on its objections to Defendant's requests for production of documents. This is false. In fact, Plaintiff has clearly explained that in light of its objections to certain requests as seeking documents concerning broad, open-ended subjects which are disproportionate to the needs of the case (*see* Plaintiff's Responses to Defendant's Requests for Production No. 8, 10, 14, 16, 17, 21, 22, 23, 24 and 26 (August 3 Letter Ex. 9) and July 17, 2026 letter concerning Request No. 3 (*id.* Ex. 4)), Plaintiff would produce representative documents sufficient to respond to the request instead. In other words, Plaintiff's objections and responses to the requests at issue comply with Federal Rule of Civil Procedure 34(b)(2)(c) ("An objection must state whether any responsive materials are being withheld on the basis of that objection.").

Notwithstanding this, when Defendant raised concerns with these particular objections and responses, Plaintiff advised that it would be willing to revisit each once it had completed its review and production of the re-collected material referenced above, explaining that to do otherwise would be to engage in a hypothetical discussion without reference to the specific documents at issue. *See* Letters dated July 17 (August 3 Letter Ex. 4), 23 (*id.* Ex. 6) and 30 (*id.* Ex. 8). In other words, Plaintiff has repeatedly communicated to Defendant that it is willing to engage in a good faith discussion about Plaintiff's objections and Defendant's concerns in the context of the documents *actually produced*, but would not do so in a vacuum. As a result, again, Defendant's complaint to the Court is premature and there is no need to hold a conference at this time.

* * *

All this begs the question of why Defendant brought this matter to the Court's attention at this point, when Plaintiff has already addressed the issues and stated in writing its intent to meet Defendant's concerns. Perhaps Defendant is trying to make a record for an eventual request to

extend the schedule because of the timing of Plaintiff's production, but seeking a conference in advance of a motion to compel something Plaintiff has already agreed to do is not an appropriate way to do so. In any event, whatever Defendant's motive may be, the fact is that there is no issue ripe for any discovery motion before the Court at this time. Plaintiff therefore respectfully requests that Defendant's request for a conference be denied.

We appreciate the Court's attention to this matter.

Very truly yours,

James D. Weinberger

cc: Counsel of Record (by ECF)